UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KOUNTA OUSMANE, )
) CASE NO. C11-1411-MJP
Petitioner, )
)
v. )
) REPORT AND RECOMMENDATION
ERIC HOLDER, Attorney General of the )
United States, )
)
Respondent. )
_____ )

Petitioner Kounta Ousmane has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. No. 8.) He requests that the Court order his release from custody, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 2. On December 2, 2011, however, respondent filed supplemental briefing along with documentation which indicates that petitioner was transferred to Baltimore, Maryland and released under an Order of Supervision. (Dkt. No. 30, Ex. A.) Respondent asserts that because petitioner has been released from detention, his habeas petition has become moot and should be dismissed. *Id*.

REPORT AND RECOMMENDATION
PAGE -1

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

Here, petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. His release from detention, therefore, has arguably resulted in the termination of any detention. Because no collateral consequences remain, and there is no relief left to grant on his petition, the Court finds that petitioner's habeas petition is moot and should be dismissed. *See Abdala*, 488 F.3d at 1065 (holding that removal mooted habeas challenge to length of detention); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

A proposed Order accompanies this Report and Recommendation.

DATED this <u>14th</u> day of December, 2011.

Mary Alice Theiler
United States Magistrate Judge